UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND

Greenbelt Division

IN RE:

PAUL E. IRABOR                                                         Bankruptcy No.: 10-27041 WIL

    Debtor,                                                              Chapter 7

******************************************************************************

DB50 2007-1 TRUST

    Movant

    v.

PAUL E. IRABOR

    Respondent

And

MERILL COHEN

    Trustee

******************************************************************************

### DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY TO PERMIT FORECLOSURE OF DEED OF TRUST 10114 ELLARD DRIVE, LANHAM, MD 20706

NOW COMES the Respondent, through the undersigned counsel, files this written response in opposition to Movant's Motion for relief from stay.  In support of the Respondent's response, the Debtor responses to each of the Movant's averments as following:

1. The Debtor filed the voluntary chapter 7 petition in July 28, 2010.

2. This court has jurisdiction over this matter.

3. The Respondent was the own borrower for the loan used in purchasing the subject property 10114 Ellard Drive Lanham, Maryland 20706.  The Respondent's spouse's name was only added to the deed of trust.

4. The Respondent agrees that the original balance due under the Deed of Trust is $495,200.00 but denies that as of the 20th day of August 2010, the total amount of indebtedness due to the Movant is not approximately $615,153.82.  The Respondent denies that amount of interest claimed by the Movant, the late charges claimed by the Movant, the Escrow Advance claimed by the Movant, the BPO claimed by the Movant, the attorney' fees claimed by the Movant and the Court Costs claimed by the Movant.  GMAC Mortgage company (GMAC) was the original mortgage company that the Respondent had monthly installment payment of $4, 175.06 until sometime in 2008 when the Respondent tried to do loan modification with GMAC.  Thus, the Respondent and GMAC entered into an agreement to change the Respondent's monthly installment payment to $2700 and required the Respondent to make those monthly payments for 12 months.  The agreement was that if the Respondent completes the 12 month payment plan, then GMAC will approve the loan modification.  As soon as the Respondent completed his own obligation of making the new monthly payment of $2700 for 12 months, GMAC sold or transfer the mortgage to the Movant.  The Movant inherited the agreement between GMAC and the Respondent to approve the load modification after the completing of the 12 months payment plan; however the Movant refused to honor the agreement to approve the loan modification.  Instead, the Movant and/or its loan servicing company decided to put the Respondent in another payment plan of about $3600 per month for three months before approving the loan modification.  After the Respondent made two payments on the plan in December 2008 and January 2009,

the Movant's representative informed the Respondent that the Movant is not planning to honor his agreement with GMAC to approve the loan modification. The Movant's calculation does not include all the payments that the Respondent made in 2008 during the 12 months payment plan of $2700 per month to GMAC ($32,400.00) neither does it include the two payments of $3600 that the Respondent made directly to the Movant and/or its agent in the amount of $3600 each for December 2008 and January 2009 ($7200). Basically, about $39,600 that the Respondent paid in 2008 and 2009 was omitted by the Movant.

5. The amount of each monthly installment due based on the agreement under the repayment plan with the intention to approve the loan modification, inclusive of principal, interest, taxes and insurance is $2700.00 prior to the approval of the loan modification. The Movant failed to honor its agreement to approve the loan modification even after the Respondent completed the payment plan. The Respondent reasonably relied on the agreement that if he completes the monthly payment plan for 12 months, his loan modification will be approved.

6. The interest of the Movant in the Subject Property will be adequately protected if the Movant honors its agreement to approve the loan modification that it made the Respondent to believe that his payment plan was in path to loan modification.

7. The Movant acted in bad faith and therefore is not entitled to relief from the stay afforded by 11 U.S.C., Section 362(a).

8. A copy of this Response will be sent to the Trustee in this case, Merrill Cohen.

WHEREFORE, the Respondent requests that the Movant's motion be denied

Respectfully submitted,

ONUKWUGHA & ONWEZI, LLC
/s/G. EMEKA ONWEZI

_____

G. Emeka Onwezi, Bar No.: 16008
4601 Presidents Drive, Suite 145
Lanham, Maryland 20706
(301) 358-6018

CERTIFICATE OF SERVICE

     On September 7, 2010, all interested parties were served of the forgoing electronically through ECF as follows:

Merril Cohen, Esquire
trustee@cohenbaldinger.com

Scott R. Robinson, Esquire
usbcnotice@first-legal.com

/s/ G Emeka Onwezi

_____

G. Emeka Onwezi, Bar No. 16008

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND
Greenbelt Division

IN RE:

PAUL E. IRABOR                                                  Bankruptcy No.: 10-27041 WIL

    Debtor,                                                         Chapter 7

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DB50 2007-1 TRUST

    Movant

    v.

PAUL E. IRABOR

    Respondent

And

MERILL COHEN

    Trustee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>ORDER</u>

This matter came before this court on the Motion for Relief from Stay to Permit Foreclosure of Deed of Trust 10114 Ellard Drive Lanham, Maryland 20706.  After considering the Motion, the Respondent's written response, the oral hearing and the court's record, the court does not find any good cause to grant the motion.

    WHEREFORE, the motion is DENIED.

                                                                       _____
                                                                       Judge

cc:
G. Emeka Onwezi, Esq

Merrill Cohen, Esq.
Scott R. Robinson, Esq.